The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 01 2007

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-74969 |
| | ) | |
| Allen R. Eaton, Jr., and Debbie Sandlin, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Adv. Pro. No. 06-3175 |
| | ) | |
| Farmers & Merchants State Bank, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Allen R. Eaton, Jr. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER REGARDING MOTION FOR DEFAULT JUDGMENT,
OR IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY**

This adversary proceeding is before the court on Plaintiff's Motion for Default Judgment, or in the Alternative, Motion to Compel Discovery [Doc. # 42] and Motion to Compel Discovery [Doc. # 43], and the *pro se* response filed by Defendant Allen Eaton and his wife, Debbie Sandlin, which the court construes also as a motion for protective order with respect to Defendant. [Doc. # 48].

## BACKGROUND

On March 6, 2006, Plaintiff filed a complaint against Defendant to determine dischargeability of a debt owed to it by Defendant. Defendant answered the complaint. Thereafter, Plaintiff scheduled a deposition for June 7, 2006. On May 17, 2006, Plaintiff served a notice of the deposition on Defendant's attorney. The notice stated that Plaintiff would be deposing, upon oral examination, both Defendant and his wife, Debbie Sandlin. On May 31, 2006, Defendant filed a Motion for Video Deposition due to the fact that he had moved to Arizona. Plaintiff opposed the motion and cancelled the June 7 deposition pending the court's ruling. On September 1, 2006, the court granted the motion and ordered the video deposition to be completed, at Defendant's cost, in sufficient time to comply with the discovery deadline of October 9, 2006. However, the video deposition never took place since, according to Defendant, he and his wife were unemployed at the time and could not afford to pay for the deposition.

Plaintiff then scheduled a deposition of both Defendant and Debbie Sandlin to be conducted on October 12, 2006, at the office of Plaintiff's attorney in Toledo, Ohio. On September 14, 2006, notice of the deposition was sent to Defendant and his wife in Arizona, as well as his attorney. According to Defendant, he had recently moved to Berne, Indiana, and did not receive notice of the scheduled deposition until early October. He was informed by letter from his employer that the employer's policy required a party to a lawsuit to use his own accrued personal/vacation time to appear in court in response to a summons or subpoena. The letter further stated that, because Defendant had only been employed there since August 2006, he did not have enough time to cover his trip to Toledo and that he would therefore be subject to the employer's attendance policy that could result in termination of his employment. Before the date on which the deposition was scheduled, Defendant relayed this information to his attorney who, in turn, informed Plaintiff's attorney the day before the deposition was to take place of the reasons that Defendant would not be attending. Plaintiff's attorney responded that there was no information regarding Debbie Sandlin's inability to attend and that he still expected both Debbie Sandlin and Allen Eaton to attend the deposition. Neither Defendant nor his wife attended the deposition on October 12, nor did they file a motion for a protective order.

On December 15, 2006, Defendant's attorney filed a motion to withdraw as counsel for Defendant because of lack of cooperation. According to Defendant, he was unable to pay his attorney. On January 5, 2007, the court permitted Defendant's attorney to withdraw as counsel of record.

Plaintiff has again scheduled a deposition of both Defendant and his wife to be held on February 5, 2007. A Notice of Deposition was sent to Defendant and Debbie Sandlin at their Indiana address on January 5, 2007. Plaintiff did not, however, serve a subpoena on Debbie Sandlin to attend the deposition scheduled on February 5, nor did he serve her with a subpoena to attend either of the two previous depositions scheduled on June 7 and October 12, 2006. In his response to Plaintiff's motion to compel, Defendant states that he will not be able to attend the February 5 deposition or any future depositions since his family's only vehicle in not running due to engine problems that he cannot afford to have repaired.

Plaintiff's motion seeks a default judgment against Defendant due to his failure to attend the depositions scheduled on June 7 and October 12, 2006. Alternatively, Plaintiff seeks an order compelling the attendance of both Defendant and Debbie Sandlin at the scheduled February 5, 2007, deposition and awarding Plaintiff the cost of the October 12, 2006, deposition in the amount of $63.50 and attorney fees in the amount of $450.00.

## **ANALYSIS**

If a party fails to appear for a deposition after being served with a proper notice, the court "may make such orders in regard to the failure as are just," including an order of default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C) and (d); Fed. R. Bankr. P. 7037. Rule 37(d) further provides:

> In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order.

Fed. R. Civ. P. 37(d).

In this case, Defendant was served with a proper notice of, but failed to attend, the deposition scheduled on October 12, 2006. Defendant did not file a motion for protective order. He did, however, notify his attorney that he could not attend the deposition on the scheduled date without risking termination from his employment and that he would therefore not attend. Plaintiff's counsel was informed of that fact on October 11, 2006, but did not cancel the deposition, believing Debbie Sandlin was still required to attend. Debbie Sandlin, however, is not a party in this adversary proceeding. While Rule 30 permits a party to take deposition testimony of "any person," mere notice of the deposition is insufficient to compel the attendance of a person not a party; a subpoena is required. *See, e.g., El Salto, S.A. v. P.G. Co.*, 444 F.2d 477, 484 (9th

3

Cir. 1971); *Away Corp. v. Nartron Corp.*, Case No. 1:92CV156, 1992 WL 478099 (W.D. Mich. 1992); Fed. R. Bankr. P. 9016; Fed. R. Civ. P. 45. Plaintiff did not serve Ms. Sandlin with a subpoena to attend the October 12 deposition. Given the prior notice to Plaintiff's counsel that Defendant would not be able to attend the deposition and the fact that Ms. Sandlin was not subpoenaed to attend, the court declines to award the costs and attorney fees incurred by Plaintiff in connection with the scheduled October 12 deposition.

The court also finds that granting a default judgment against Defendant as a sanction for his failure to attend the deposition is unnecessarily harsh and is not warranted under the circumstances presented at this time. And given the current work and transportation issues that Defendant is facing, the court will not compel his attendance at the February 5 deposition. But the court will require Defendant to attend a properly noticed deposition scheduled at a time that will not require him to take unexcused time off work. In order to facilitate scheduling the deposition, the court will further require Defendant to contact Plaintiff's counsel within fourteen days of the date of this order to coordinate with him a mutually acceptable date for the deposition, that is, a date that counsel is available and will not result in an unexcused absence from work for Defendant. If Defendant fails to contact Plaintiff's counsel in a timely manner or fails to attend the deposition scheduled in accordance with this order, the court will impose appropriate sanctions, including potentially costs, reasonable attorney fees and a default judgment.

Finally, as Plaintiff did not serve a subpoena on Ms. Sandlin, the court has no basis to compel her attendance at the February 5 or any other deposition.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment or, in the Alternative, Motion to Compel Discovery [Doc. # 42] and Motion to Compel Discovery [Doc. # 43] be and hereby are, **DENIED** to the extent Plaintiff requests an order for default judgment and are **GRANTED in part and DENIED in part** as set forth above to the extent Plaintiff requests an order to compel discovery; and

**IT IS FURTHER ORDERED** that Defendant shall contact Plaintiff's attorney, Patrick Hendershott, at 419-241-2222, by February 15, 2007, in order to facilitate scheduling Defendant's deposition, and Defendant shall attend a properly noticed deposition that is scheduled in accordance with this order; and

**IT IS FURTHER ORDERED** that Defendant shall file with the court a Notice of Change of Address setting forth his current home address on or before February 15, 2007.

4